**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen John Williams, II, | No. CV-24-00183-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| JCS Acquisition Incorporated, | |
| Defendant. | |

    Plaintiff Stephen John Williams II worked at Joe's Crab Shack as a waiter. Williams claims he experienced discrimination and harassment by his manager. Williams sued Joe's Crab Shack's parent company, Defendant JCS Acquisition Inc., for discrimination under state and federal laws and intentional infliction of emotional distress. JCS moved to dismiss Williams's complaint and its motion is granted as to Williams's federal claim.

**I.      Background**

    Williams alleges he experienced discrimination and harassment by his manager at Joe's Crab Shack between July and August 2023. (Doc. 30-1 at 4.)

    Williams points to an incident on August 15, 2023 where his manager "threw food at him" and told him to "pick it up and eat it if you're hungry." (Doc. 30-1 at 4.) He alleges this event exemplified a "pervasive pattern of discrimination, humiliation, and harassment" during his employment. (Doc. 30-1 at 4.) He claims that when he attempted to "voice concerns about the discriminatory treatment," his hours and assigned tables were reduced, which resulted in a "significant reduction in tips." (Doc. 30-1 at 4.)

As a result of this alleged treatment, Williams sued JCS in state court under the Arizona Civil Rights Act, the Arizona Equal Pay Act, and the Americans with Disabilities Act. (Doc. 1-1.) Williams also asserted a claim for intentional infliction of emotional distress. (Doc. 30 at 3.) JCS removed the case to federal court based on the ADA claim. (Doc. 1 at 3.)

After filing his initial complaint on December 15, 2023, the parties stipulated Williams could file an amended complaint. (Doc. 12.) Nonetheless, Williams filed a "Motion to Amend Complaint" (Doc. 17) and a nearly-identical document styled as an "Amended Proposed Motion to Amend/Correct." (Doc. 19.) Williams's request to amend his complaint was granted. (Doc. 22.) He filed three additional versions of his complaint on April 29, 2024 and May 7, 2024, all of which were stricken for failure to sign the complaints in compliance with Fed. R. Civ. P. 11 and L.R. Civ. P. 7.1(b)(1). (Doc. 23, 26–28.) Williams then filed two seemingly-identical complaints on May 13, 2024. (Doc. 29, 30.) JCS moved to dismiss all claims. (Doc. 31.) Instead of filing an opposition, Williams filed another complaint. (Doc. 34.) This court struck that complaint and directed Williams to respond to JCS's motion, which he did. (Docs. 43, 44.)

Although Williams has attempted to file many complaints, none of them—including the operative complaint—allege facts sufficient to support his ADA claim. JCS's motion to dismiss that claim is therefore granted. (Doc. 31.)

**II.     Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

1 statements, do not suffice." *Id*.

## III. Discussion

Williams brings a claim under the ADA for "discrimination and harassment," clarifying in his opposition that the alleged discrimination is for failure to accommodate. (Doc. 30-1 at 5; Doc. 44 at 2.) Because this is Williams's only federal claim, the court will analyze the ADA claim now and address his remaining claims only if supplemental jurisdiction is appropriate.

To state a failure-to-accommodate claim under the ADA, a plaintiff must allege "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003). Statutory discrimination claims are analyzed under a multi-step framework that requires a plaintiff first make a prima facie showing of certain facts before the burden shifts to the defendant to make different showings. Because the prima facie case requirement is an "evidentiary standard," not a "pleading requirement," a complaint cannot be dismissed merely because it does not contain facts establishing all the requirements of a prima facie case. *Mattioda v. Nelson*, 98 F.4th 1164, 1175 (9th Cir. 2024); *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1136–38 (9th Cir. 2019). But considering the elements of a prima facie case is helpful when assessing the plausibility of a complaint. *See Johnston v. Hunter Douglas Window Fashions, Inc.*, 715 F. App'x 827, 831 (10th Cir. 2017) (finding a plaintiff is not required to "establish a prima facie case of discrimination" but "the elements of each alleged cause of action help to determine whether [the p]laintiff has set forth a plausible claim.") (internal quotations omitted). Williams has not made sufficiently clear he was disabled within the meaning of the ADA. More importantly, however, Williams has not alleged he was a "qualified individual" or that he suffered an adverse action because of his disability.

A disability is a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Williams alleges he "battles dyslexia" and

- 3 -

1  has "PTSD from military service." Both dyslexia and PTSD might constitute disabilities
2  under the ADA. (Doc. 30-1 at 1; 29 C.F.R. § 1630.2.) But the complaint does not make
3  clear whether Williams is relying on dyslexia, PTSD, or an unidentified third option as the
4  relevant disability. Regardless, for present purposes the court assumes Williams was
5  disabled within the meaning of the ADA.

6  Fatally, however, Williams does not allege facts showing he was a "qualified
7  individual." A "qualified individual" in this context is "an individual with a disability who,
8  with or without reasonable accommodation, can perform the essential functions of the
9  employment position that such individual holds or desires." *Smith v. Clark Cnty. Sch. Dist.*,
10 727 F.3d 950, 955 (9th Cir. 2013). Instead of alleging facts in support of this element,
11 Williams argues "the Court must accept all allegations as true." (Doc. 44 at 2.) Although
12 the court must accept facts a plaintiff puts forth as true on a motion to dismiss, it need not
13 accept conclusory statements as true. *Iqbal*, 556 U.S. at 678. And Williams does not even
14 offer a conclusory statement that he was able to perform the essential functions of the
15 position with or without reasonable accommodation.

16 Finally, Williams does not allege facts showing JCS discriminated against him
17 because of a disability. Discrimination under the ADA includes an employer's failure to
18 make reasonable accommodations for a known disability unless the employer can
19 demonstrate the accommodation would impose an undue hardship. *Garcia v. Salvation*
20 *Army*, 918 F.3d 997, 1009 (9th Cir. 2019). Here, Williams does not allege JCS knew of his
21 disability. Nor does Williams allege he notified JCS he needed an accommodation. *Snapp*
22 *v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("notifying an
23 employer of a need for an accommodation triggers a duty to engage in an 'interactive
24 process'"). Even in response to JCS's motion raising this point, Williams offered nothing.
25 (*See* Doc. 44 at 2.) With no allegations even hinting JCS knew of Williams's disability and
26 then refused to engage in the interactive process, Williams has not stated a plausible failure-
27 to-accommodate claim. Accordingly, Williams's ADA claim is dismissed.
28

**IV.     Further Amendment and Supplemental Jurisdiction**

Williams has filed multiple complaints but has never included allegations showing he was a "qualified individual" and JCS refused to engage in the interactive process. Nor has Williams provided any other factual allegations establishing he was discriminated against because of a disability. There is no indication Williams would be able to allege facts to state a plausible failure-to-accommodate claim under the ADA.[1] Therefore, his ADA claim is dismissed without leave to amend.

Dismissing the sole basis for federal jurisdiction requires the court to address whether to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3). The court must decide if "remanding the [remaining] state claims comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)). But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In the current case, the remaining disputes are state law claims between Williams and JCS involving events that occurred entirely in Arizona.[2] The case has not progressed meaningfully in federal court and at present, the factors of economy, convenience, fairness, and comity appear to favor remanding to state court. The parties must file statements providing their position on remanding the remaining claims.

---

[1] JCS's reply raises for the first time an argument that amendment would be futile because Williams also failed to timely exhaust before the EEOC. (Doc. 45 at 10–11.) This argument appears to be well-taken, but the court would not address it without giving Williams a chance to respond and need not address it because the lack of facts in Williams's voluminous pleadings independently support his inability to state a plausible claim.

[2] The operative complaint indicates Williams is seeking $60,000. (Doc. 30 at 4.) Based on that amount, diversity jurisdiction does not appear to exist. That is, even if the parties can satisfy the diversity-of-citizenship requirement, the requisite amount in controversy does not meet the minimum threshold.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 31) is **GRANTED IN PART**. The ADA claim is **DISMISSED WITHOUT LEAVE TO AMEND**. The remainder of the motion is still pending, to be resolved if jurisdiction is retained.

**IT IS FURTHER ORDERED** within ten days of this order the parties shall file separate statements indicating whether the court should exercise supplemental jurisdiction over the remaining claims.

Dated this 13th day of January, 2025.

Honorable Krissa M. Lanham
United States District Judge